## 10254. EVITT v. THE STATE.

1. An indictment charging that the defendant unlawfully sold "adulterated food," in that he sold to a named person. "a portion of an animal, to wit, a cow, unfit for food, not manufactured, and said portion of said cow being the product of a diseased cow, and being that of a cow that had died otherwise than by slaughter," was not subject to demurrer because of failure to show compliance with statutory provisions as to examination of food by or under the direction of the State chemist, notice to the defendant, determination by the commissioner of agriculture that the provisions of the pure-food law had been violated, etc. (Civil Code of 1910, § 2102). Nor was it subject to demurrer because of failure to show how or in what way the portion sold was unfit for food, or was diseased, or what kind of product of the diseased cow was sold. Nor was it ground for abatement of the prosecution that the statutory provisions referred to above were not complied with.

2. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

                DECIDED APRIL 4, 1919.

Indictment for misdemeanor; from Wilcox superior court—Judge Crum. December 7, 1918.

*Hal Lawson,* for plaintiff in error.

*J. B. Wall, solicitor general, Max E. Land,* contra.

BROYLES, P. J. The indictment under which the defendant

was tried charged that on the 11th day of May, 1918, in the county of Wilcox, he "did then and there, unlawfully and with force and arms, sell adulterated food; in that the said Evitt sold to S. A. Brown a portion of an animal, to wit, a cow, unfit for food, not manufactured, and said portion of said cow being the product of a diseased cow, and being that of a cow that had died otherwise than by slaughter; contrary to the laws of this State, the good order, peace, and dignity thereof." The defendant interposed the following demurrer: "(1) The facts as set forth in said indictment constitute no offense against the criminal laws of the State of Georgia. (2) The said indictment fails to allege that the food, for the sale of which this indictment was preferred, was ever examined by the State chemist, or under his direction, for the purpose of determining whether said food was adulterated within the meaning of the law, nor does it allege that any notice of the intention to have such examination was ever given the defendant, nor does it allege that as a result of such examination as aforesaid the commissioner of agriculture certified the case to the solicitor-general of this court, after having determined that the provisions of the law touching the adulteration of foods had been violated by this defendant. (3) Defendant demurs to so much of the said indictment as alleges that the portion of an animal, to wit, a cow, which defendant was indicted for selling, was unfit for food, because it fails to show how or in what way the said portion was unfit for food. (4) Defendant demurs to so much of said indictment as alleges, 'said portion of said cow being the product of a diseased cow,' because said indictment fails to show what kind of product of said diseased cow defendant is indicted for selling, and further fails to allege how the said cow was diseased, and with what disease she was afflicted."

The defendant filed also the following plea in abatement: "The food which is claimed in the said indictment to have been adulterated was not examined by the State chemist, or under his direction and supervision, for the purpose of determining from such examination whether such food was adulterated; and no notice was ever given this defendant and no opportunity to be heard was ever given him so that he could be present at any such examination; nor did the commissioner of agriculture ever determine, ascertain, or declare that any of the provisions of the pure-food laws of

Georgia had been violated by this defendant; nor did the said commissioner of agriculture of Georgia certify the facts and the case to the solicitor-general of the Cordele judicial circuit. Of all this the defendant puts himself upon the county, and prays that said indictment do abate." It was contended that under the provisons of the Civil Code (1910); § 2102, the examination, determination, etc., referred to'in this plea, were necessary before prosecution.

In our judgment the indictment (which charged the offense substantially in the language of the statute) was not subject to any ground of the demurrer; and the facts stated in the plea in abatement were insufficient in law to require abatement of the prosecution. See Penal Code (1910), § 451; Civil Code (1910), §§ 2101, 2103, par. 7; Penal Code, § 954.

The refusal to give.the requested instruction to the jury was not error. The verdict was authorized by the evidence, and has been approved by the trial judge; and, as no error of law appears, this court is without authority to interfere.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*